IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIAM ANTHONY WALLACE, | ) Civil Action No. 4:07-388-CMC-TER |
| Plaintiff, | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| PRISON HEALTH CARE SERVICES INC; ALVIN S. GLENN DETENTION CENTER; AND NFN PRICE, NURSE, | ) |
| Defendants. | ) |

## I. PROCEDURAL BACKGROUND

The plaintiff, William Anthony Wallace ("plaintiff"), filed this action under 42 U.S.C. § 1983[1] on February 9, 2007. Plaintiff was a pretrial detainee at the Alvin S. Glen Detention Center alleging cruel and unusual punishment and deliberate indifference to medical needs. Defendant Alvin S. Glenn Detention Center filed a motion for summary judgment on September 10, 2007. Because plaintiff is proceeding pro se, he was advised on or about September 11, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendant's motion for summary judgment with additional evidence or counter affidavits could result in the dismissal of his complaint. Plaintiff has failed to respond.

Defendant Prison Health Services, Inc., filed a motion for summary judgment on September 11, 2007. Because plaintiff is proceeding pro se, he was advised on or about September 12, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

defendant's motion for summary judgment with additional evidence or counter affidavits could result in the dismissal of his complaint. Plaintiff has failed to respond.

### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed to the two motions for summary judgment. Plaintiff has not responded to defendants' dispositive motions, or the two Roseboro Orders requiring him to respond. The undersigned concludes the plaintiff has abandoned his lawsuit as to these defendants. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).[2]

---

[2] Based on the docket sheet, NFN Price was not served with a copy of the summons and complaint. See USM return unexecuted as to NFN Price, document #19.

## II.  CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 22, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**