IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WILLIAM ANTHONY WALLACE, | ) ) ) | C/A No. 4:07-388-CMC-TER |
| PLAINTIFF, | ) ) ) | |
| vs. | ) ) ) | REPORT AND RECOMMENDATION |
| PRISON HEALTH CARE SERVICES, INC.; ALVIN S. GLENN DETENTION CENTER; AND NFN PRICE, | ) ) ) ) ) | |
| DEFENDANT. | ) ) | |

The plaintiff, William Anthony Wallace, filed this action on February 9, 2007, alleging violations of his constitutional rights.[1] At the time of the incident alleged in his complaint, the plaintiff was housed at the Alvin S. Glenn Detention Center ("ASGDC").[2] The plaintiff alleges cruel and unusual punishment, medical malpractice, and deliberate indifference to his medical needs from an incident occurring on September 13, 2005. (Compl. 2.)

**I. PROCEDURAL BACKGROUND**

On September 10, 2007, defendant Alvin S. Glenn Detention Center ("ASGDC") filed a motion for summary judgment, along with supporting memorandum and an affidavit and exhibits. The undersigned issued an order filed September 11, 2007, pursuant to Roseboro v. Garrison, 528

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

[2]The plaintiff is currently incarcerated at the Allendale Correctional Institution ("ACI") in Fairfax, South Carolina.

F.2d 309 (4th Cir.1975), advising the plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On September 11, 2007, the defendant Prison Health Care Services, Inc., ("PHS") also filed a motion for summary judgment along with a supporting memorandum. On September 12, 2007, the plaintiff was again advised pursuant to Roseboro about the summary dismissal procedure and the possible consequences if he failed to respond. On November 26, 2007, the plaintiff filed his own motion for summary judgment along with supporting memorandum and exhibits.

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

At the time of the incident alleged in the complaint, the plaintiff was a pre-trial detainee at the ASGDC. On September 13, 2005, the plaintiff complained of a headache and requested medication. When medications were being passed out, the plaintiff was in the shower. Defendant Nurse Price found the plaintiff in the shower and gave him two pills. The plaintiff thought the pills were a muscle relaxer and ibuprofen. (Compl. 3.) However, the plaintiff alleges that Nurse Price gave him another inmate's medication. (*Id.*)[3] The plaintiff alleges that shortly after taking the medications, he became dizzy and lightheaded. (*Id.*) The plaintiff alleges he requested that the

---

[3]There is evidence in the record that the plaintiff intentionally overdosed on medication. In his discharge papers from the hospital, it was noted that the plaintiff had suffered an intentional overdose and that he should be placed on a suicide watch upon his return to the ASGDC. (Def. ASGDC Mem. Supp. Summ. J. Mot. Ex. 5 at 33, 37.) However, for purposes of this summary judgment motion, the undersigned accepts as true the allegations which the plaintiff makes in his complaint. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir.1990)(holding in considering matters under summary judgment review, the court is to view the facts and inferences in the light most favorable to the adverse party).

officers call the nurse to check his blood pressure. (Compl. at 4.) The plaintiff was told the officers would monitor him while waiting for a supervisor to address the situation. (*Id.*) The plaintiff alleges he then lost consciousness and woke up at Richland Memorial Hospital. (*Id.*) He alleges he was treated at the hospital and sent back to the ASGDC where he was placed on a suicide watch for two weeks. (*Id.*) The plaintiff alleges he lost thirty (30) pounds and now suffers from uncontrollable headaches and lack of memory. (*Id.*) The plaintiff contends he has filed grievances and the staff will not return them. (Compl. at 4.) He further alleges, verbatim, "that if he would have died or something like now, they can cover up and hide the fact that the situation happen, and nothing have been done about it makes me fill that my life is in jeopardy as well." (Compl. at 5.) He is seeking compensation for: mental and physical injuries; past, present, and future suffering; defamation of character; violations of his due process rights; and past, present, and future medical bills. (*Id.*)

### B. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir.1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed.R.Civ.P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts

3

showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed.R.Civ.P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. Fed.R.Civ.P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In Celotex, the Court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## C. LEGAL ANALYSIS APPLICABLE TO PRETRIAL DETAINEES

At the time of the alleged incident, the plaintiff was confined at the ASGDC as a pretrial detainee.[4] Allegations of deprivations regarding pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. Cooper v. Dyke, 814 F.2d 941 (4th Cir.1987). The rationale for this distinction was explained in Ingraham v. Wright, 430 U.S. 651, 671-72 (1977)(citations omitted):

---

[4] The plaintiff was booked into the ASGDC on September 10, 2004, and was released to the South Carolina Department of Corrections on March 6, 2007, after he was convicted. (Def. ASGDC's Mem. Supp. Summ. J. Mot. Ex. 2 - Kathryn Harrell Aff. ¶ 9.) The docket reflects that on March 13, 2007, the plaintiff changed his address to Kirkland R&E (document #7) and on May 4, 2007, he was transferred to ACI (document # 13) where he is still housed.

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions . . . the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with the due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.

A pretrial detainee may not be punished.  An inmate serving a custodial sentence may be punished so long as the punishment is not "cruel and unusual." Bell v. Wolfish, 441 U.S. 520 (1979). Using the standard set out in that case, a condition must be evaluated on whether or not it was implemented to "punish" the detainee before he was convicted of any crime. Balanced against that concern, however, is the legitimate security concerns of housing a number of persons prior to their trials. If a restriction is imposed for a legitimate, non-punitive purpose, is not excessive to meet its goal, and was not imposed simply to punish the inhabitants of a facility, it will be upheld.  Bell, 441 U.S. at 538.

Since the plaintiff is proceeding pro se, this court is required to treat his filings and pleadings with some degree of liberality.  Estelle v. Gamble, 429 U.S. 97 (1976); Hughes v. Rowe, 449 U.S. 9 (1980) (per curiam).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys. (*Id.*)   However, the plaintiff is cautioned that the court may not rewrite his pleadings, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999), or construct the defendant's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-418 (7th Cir.1993), or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274,1278 (4th Cir.1985). Further, while the court should afford a pro se litigant every reasonable opportunity to construct and present his side, the court cannot act as counsel for the pro se litigant or excuse a failure to comply with the rules of this court.

5

### D.  EXHAUSTION

The defendant ASGDC contends the plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a §1983 action concerning his confinement. 42 U.S.C.A. §1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.

The plaintiff claims that he filed a grievance, but that the defendants would not answer it. Assuming arguendo the plaintiff filed a grievance, it is undisputed that he failed to proceed to the necessary additional steps to exhaust his administrative remedies.  Even if the defendants did not respond, the plaintiff has not alleged he made any effort to file the grievance with another officer or make any other attempts to file a for further review.  *See* Jones v. Smith, 266 F.3d 399, 400 (6th Cir. 2001) (holding exhaustion required even though plaintiff claimed futility).  Accordingly, based on the evidence provided, the plaintiff has not exhausted all administrative remedies.  Therefore, it is recommended that this action be dismissed for failure to exhaust administrative remedies. Alternatively, the merits of the plaintiff's claims are discussed below.

### E. MEDICAL INDIFFERENCE AND MEDICAL MALPRACTICE CLAIMS

As previously stated, the plaintiff alleges claims of unusual punishment, medical malpractice, and deliberate indifference to his medical needs from incidents which occurred on September

13,2005, while he was housed at the ASGDC as a pre-trial detainee. The defendant PHS is a private corporation which provided medical services to inmates in the ASGDC during the time period relevant to the plaintiff's claims.

In its motion for summary judgment, defendant ASGDC contends that it is not a proper defendant in this action. To state a claim under § 1983, the plaintiff must allege that he was injured by "the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." 42 U.S.C. § 1983; Monroe v. Page, 365 U.S. 167 (1961). *See also generally* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). It is well-settled that only "persons" may act under color of state law, and therefore, a defendant in a section 1983 action must qualify as a "person." The ASGDC is a group of buildings or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See* Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir.1969)(holding California Adult Authority and San Quentin Prison are not "person[s]" subject to suit under § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D.Va.1999)(holding the Piedmont Regional Jail is not a "person" and thus not amenable to suit under § 1983.); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301(E.D.N.C.1989)(holding claims under § 1983 are directed at "persons" and the jail is not a person amenable to suit.). Therefore, the ASGDC and the PHS are not "persons" subject to suit under § 1983 and should be dismissed.

Additionally, the plaintiff's complaint fails to state a claim for deliberate indifference to medical needs. The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id*.

The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id*. at 104. "Deliberate indifference is a very high standard-in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir.1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id.* at 851. Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. Estelle, 429 U.S. 97; Farmer v. Brennan, 511 U.S. 825 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir.1986).  Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). Medical malpractice is not actionable under § 1983.  Estelle, 429 U.S. at 29 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")   Incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. *Id*.

Even assuming every allegation in his complaint is true, the plaintiff has failed to state a §1983  claim for medical indifference.  The plaintiff's claims for medical indifference and medical malpractice center on Nurse Price giving him another inmate's medication.  The plaintiff does not allege Nurse Price did this on purpose or deliberately.  In fact, he states in his motion for a preliminary injunction that "Nurse Price was unprofessional and careless in which (sic) he did act

with deliberate indifference towards the plaintiff's health and safety . . ." Thus, assuming all allegations in the complaint are true, at best, the plaintiff has alleged a claim for medical malpractice and as stated above medical malpractice is not cognizable in a § 1983 action. *Estelle,* 429 U.S. 103.[5] "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id*. at 107. Thus, even if the plaintiff were able to show that defendants' actions somehow constituted medical negligence or medical malpractice, these are not actionable under 42 U.S.C. § 1983.[6]

The undersigned notes that in his memorandum opposing the defendants' summary judgment motions, the plaintiff appears to be alleging additional claims regarding his medical care. (Pet'r's Mem. Opp. Summ. J. at 3.) He alleges that his medical records show that he has not been receiving the proper medical care. (*Id*.) He contends that he has complained of heart problems and uncontrollable migraines and "not once did the [defendants] take an x-ray exam or an EKG concerning his health." (*Id.*) Based on the evidence and a review of the plaintiff's medical records, there has been no deliberate indifference shown to the overall medical needs of the plaintiff. The plaintiff has received numerous exams and medications. The fact that the defendants have not given

---

[5] Further, the undersigned notes that in the plaintiff's discharge papers from the hospital, it was noted that the plaintiff had suffered an intentional overdose and he should be paced on a suicide watch. (Def. ASGDC's Mem. Supp. Summ. J. Mot. Ex. 5 at 33, 37.)

[6] The undersigned notes that defendant Nurse Price was never served. However, as the undersigned concludes that the plaintiff's complaint fails to state a claim, the entire complaint should be dismissed. 28 U.S.C. § 1915(e)(1) ("the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted. . . .").

the plaintiff the specific medical treatment he would like, x-rays or an EKG, does not support a claim of medical indifference. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir.1988)(holding that "[a]lthough the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice."); Brown v. Thompson, 868 F.Supp. 326 (S.D.Ga.1994)(holding the type and amount of medical care is discretionary). Additionally, plaintiff has not provided any competent evidence indicating any lack of treatment caused him to suffer any injuries, let alone any life threatening medical problems, nor has he identified any medical expert or provide expert testimony regarding the standard of care, the defendants' failure to conform to the standard, or the issue of proximate cause. Based on the above, the plaintiff's claims of medical indifference, if any, must fail as a matter of law. Thus, the undersigned recommends that defendants' motion for summary judgment be granted as to the plaintiff's claims of medical indifference.

The plaintiff also seems to allege a claim relating to the suicide watch he was placed on when he was returned from the hospital. (Compl. at 4.)  He contends he was placed on a suicide watch status and placed in a cell with only a suicide gown for two weeks. (*Id.*) However, as noted above, in his discharge papers from the hospital, it was noted that the plaintiff had suffered an intentional overdose. (Def. ASGDC's Mem. Supp. Summ. J. Mot. Ex. 5 at 33, 37.) Thus, there is no evidence that the plaintiff was placed on a suicide watch for the sole purpose of punishment, but rather for observation and as a precautionary measure as recommended by the treating doctor at Richland Memorial Hospital. Accordingly, any claim relating to his placement on a suicide watch is without merit.

10

Furthermore, decisions relating to the day-to-day operation of prisons are entrusted to the officials of the particular institution or correctional system. See <u>Olim v. Wakinekona</u>, supra. Federal courts must accord deference to state corrections departments with respect to the operation of the particular institution or prison system. <u>Block v. Rutherford</u>, supra; <u>Rhodes v. Chapman</u>, supra. Plaintiff, like any detainee, cannot expect the amenities, conveniences, and services of a good hotel. <u>Harris v. Fleming</u>, <u>supra</u>. The Supreme Court noted that the administration of detention facilities is a complex task, with numerous administrative goals, including, among other things, the maintenance of order and discipline within the facility and the prevention of escapes. These complex responsibilities are "not readily susceptible of resolution by decree" by the courts, because they require both expertise and the commitment of a variety of resources, which the states implement with extensive planning. The Supreme Court also noted that unless some practice offends constitutional principles, federal courts should decline to second-guess decisions made by prison officials.

### F. GRIEVANCE PROCEDURE

As to any claim concerning the inmate grievance procedure at the ASGDC (compl. at 4-5), these allegations fail to state a cause of action under 42 U.S.C. § 1983. It is well settled that prison inmates, including pre-trial detainees, do not have a federal constitutional right to have any inmate grievance system at the place where they are incarcerated. <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994). Furthermore, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates or pre-trial detainees covered by that system. <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.1988). As a result, even if corrections officials fail to properly apply an inmate grievance

11

procedure, such failure is not actionable under section 1983 . Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo.1986); Azeez v. DeRobertis, 568 F.Supp. 8, 9-11 (N.D.Ill.1982).

### III. MOTION FOR PRELIMINARY INJUNCTION

On February 4, 2008, the plaintiff also filed a motion for a preliminary injunction. First, the plaintiff's claims for injunctive relief against the defendants in this action are now moot as the plaintiff was transferred from the ASGDC in March 2007. Claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the condition complained of. Williams v. Griffin, 952 F.2d 820, 825 (4th Cir.1991); Ross v. Reed, 719 F.2d 689, 693 (4th Cir.1983).

Second, the plaintiff does not allege any harm or specifically state what action he wants the court to take. He merely states the court should grant him a preliminary injunction because the defendants have violated his constitutional rights. (Pl.'s Mem. Supp. Pre. Inj. Mot.)

"An injunction is a drastic remedy and will not issue unless there is an imminent threat of illegal action." Bloodgood v. Garranghty, 783 F.2d 470 (4th Cir.1986). "Injunction issues to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." Connecticut v. Massachusetts, 282 U.S. 660, 674 (1931). "[B]are allegations of what is likely to occur are of no value since the court must decide whether the harm will in fact occur. The movant must provide proof that the harm has occurred in the past and is likely to occur again, or proof indicating that the harm is certain to occur in the near future." Wisconsin Gas Co. v. F.E.R.C., 758 F.2d 669, 674 (D.C.Cir.1985). The plaintiff must show real and immediate threat of injury. Los Angeles v. Lyons, 461 U.S. 95 (1983). Here, the plaintiff has not shown that he is currently subject to any real or immediate threat of harm. Additionally, the courts are directed to leave prison administration to the discretion of those best suited to running the

prisons. Granting plaintiff injunctive relief would have the effect of allowing a prisoner to "approve" actions taken by the prison administration that might have an impact on them, because any attempt to require his compliance might be construed (by any of the parties) as a violation of the order. Plaintiff fails to show entitlement to preliminary injunction under the factors set forth in <u>Blackwelder Furniture Co. v. Seilig Manufacturing Co.</u>, 550 F.2d 189 (4th Cir. 1977), including his failure to show likelihood of success on the merits. Therefore, his motion for a preliminary injunction should be denied.

## IV. STATE LAW CLAIMS

To the extent that the plaintiff states additional claims under state law for medical malpractice or negligence, the court should decline to exercise supplemental jurisdiction over these claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

## V. CONCLUSION

The plaintiff has failed to show that the defendants violated any of his constitutional or statutory rights under 42 U.S.C. § 1983. Based on the foregoing, it is recommended that the defendants' motions for summary judgment (documents # 26 and 30) be GRANTED and the plaintiff's complaint be dismissed. Further, it is recommended that the plaintiff's motion for a preliminary injunction (document #52) be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
February <u>25</u>, 2008                                          United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

13