IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| William Anthony Wallace, | ) | C/A NO.  4:07-388-CMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Prison Health Care Services, Inc.; Alvin | ) | |
| S. Glenn Detention Center; and NFN Price, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to
42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this
matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial
proceedings and a Report and Recommendation ("Report").  On February 25, 2008, the Magistrate
Judge issued a Report recommending that Defendants' motions for summary judgment be granted
and Plaintiff's motion for preliminary injunction be denied.  The Magistrate Judge advised Plaintiff
of the procedures and requirements for filing objections to the Report and the serious consequences
if he failed to do so.  Plaintiff filed objections to the Report on March 13, 2008.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has
no presumptive weight, and the responsibility to make a final determination remains with the court.
*See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo*
determination of any portion of the Report of the Magistrate Judge to which a specific objection is
made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by
the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28

U.S.C. § 636(b).   The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge.  Defendant Alvin S. Glenn Detention Center is dismissed from this action without prejudice as it is not a "person" amenable to suit under 42 U.S.C. § 1983.  To the extent Plaintiff asserts a viable cause of action under § 1983 as to Nurse Price, this defendant  is dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).[1] Plaintiff 's constitutional claims as to Defendant Prison Health Care Service, Inc. are dismissed without prejudice as it appears he has failed to exhaust his administrative remedies.  Plaintiff's remaining state law causes of action against Nurse NFN Price and Prison Health Care Services, Inc. are dismissed without prejudice.

Plaintiff's motion for preliminary injunction is **denied**.

---

[1]It is not until his objections that Plaintiff contends Nurse Price's actions were deliberate. Plaintiff's earlier filings in this matter speak to the "accident" of Nurse Price's actions (*see* Dkt. # 25 at 3, filed July 27, 2007) and the fact that Nurse Price "carelessly gave Plaintiff another inmate's medication."  Mot. for Preliminary Inj. at 1 (Dkt. #52, filed Feb. 4, 2008).

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 17, 2008

C:\Documents and Settings\guest\Local Settings\Temp\notesE1EF34\07-388 Wallace v. Prison Health Care Services e adopt rr gr sumjgm.wpd

3